# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

**SHERI REDEKER-BARRY,**

        **Petitioner,**

**-vs-**                                                         **Case No. 2:07-cv-372-FtM-34DNF**

**UNITED STATES OF AMERICA,**
**AMSOUTH BANK, and SUSAN STONIER,**

        **Respondents.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration on the following motion filed herein:

> **MOTION:**     **AMSOUTH BANK'S MOTION TO DISMISS (Doc. No. 48)**
>
> **FILED:**     **October 1, 2007**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

    The Respondent, Regions Financial Corporation, as successor to AmSouth Bank ("AmSouth") requests that this action be dismissed against it pursuant to Fed.R.Civ. P. 12(b). AmSouth asserts that this Court lacks subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) and AmSouth argues that the Petitioner, Sheri Redeker-Barry failed to state a claim against AmSouth upon which relief may be granted pursuant to Fed.R.Civ.P. 12(b)(6).

**I. Standard for Motion to Dismiss**

In deciding a motion to dismiss for failure to state a claim upon which relief may be granted, the Court must accept as true all factual allegations in the Complaint. *Hughes v. United States*, 110 F.3d 765, 767 (11th Cir. 1997); *Brown v. Crawford County, Ga.,* 960 F.2d 1002, 1010 (11th Cir. 1992). The Complaint must be viewed and all reasonable inferences must be made in favor of the plaintiff. *Sawinski v. Bill Currie Ford, Inc.*, 866 F.Supp. 1383, 1385 (M.D. Fla. 1994) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). A Complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (footnote omitted).[1]

Attacks on subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) come in two forms: (1) facial attacks, and (2) factual attacks. *Scarfo v. Ginsberg*, 175 F.3d 957, 960 (11th Cir. 1991) (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). "Facial attacks on a complaint 'require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in [plaintiff's] complaint are taken as true for the purposes of the motion.'" *Id*. (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). Whereas factual attacks challenge "'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and

---

[1] The Court recognizes that a recent Supreme Court decision, *Belle Atlantic Corp. v. Twombly*, 550 U.S. ___, 127 S.Ct. 1955 (2007) modifies the standard for a motion to dismiss under Fed.R.Civ.P. 12(b) as stated in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The instant Petition was filed long before the ruling in *Twombly*, and therefore, the Court applied the more liberal standard as set forth in *Conley v. Gibson, supra*. Pursuant to *Twombly*, a complaint must contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *Twombly*, 127 S.Ct. at 1965. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his '*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1964-65.

matters outside the pleadings, such as testimony and affidavits are considered.'" *Id*. (citing *Lawrence*, 919 F.2d at 1529). With a factual attack, the presumption of truthfulness of the allegations of the complaint afforded a plaintiff under Fed.R.Civ.P. 12(b)(6) does not apply, and the court is free to weigh the factual evidence. *Id*.

> "Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction - it's very power to hear the case - there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."

*Id.* at 960-961, (quoting *Lawrence*, 919 F.2d at 1529).

**II. Allegations in Petition and Historical Background**

On May 23, 2005, the Petitioner filed a Petition to Quash Summons (Doc. 1) pursuant to 26 U.S.C. §7609. The relief she requested was to stop a third-party record keeper from revealing her private records to the Internal Revenue Service ("IRS"). The Petitioner claimed that the IRS referred her case to the criminal division for prosecution. The Petitioner claims that the IRS abandoned its pursuit of the Petitioner's civil tax liability and was attempting to use the summons to gather information regarding a criminal investigation. The Petitioner asserts that the summons was not issued by the IRS in good faith and the IRS did not comply with procedural requirements of 26 U.S.C. §§7602, 7603, 7609,*et al*. The Petitioner is requesting that the Court quash the summons issued to AmSouth.

After the Petition to Quash Summons (Doc. 1) was filed, on May 24, 2005, the Honorable Sheri Polster Chappell, United States Magistrate Judge entered an Endorsed Order (Doc. 2) denying the Petition. In response to the Endorsed Order, the Petitioner filed a Motion for New Trial or Alter

Judgment (Doc. 3) on June 2, 2005, which was denied by Order (Doc. 4) entered by Judge Chappell on June 6, 2005, and Judge Chappell directed the Clerk to close the case. On June 15, 2005, the Petitioner filed a Second Motion for Reconsideration (Doc.5), and another Motion for Reconsideration (Doc. 11) on September 28, 2005. Judge Chappell denied both of these Motions by Order (Doc. 12). The Petitioner then filed a Motion to Request a De Novo Determination (Doc. 18). The Honorable John E. Steele, United States District Judge entered an Opinion and Order (Doc. 22) on May 30, 2006, which denied the Motion to Request a De Novo Determination finding that the issues raised were moot because AmSouth had provided the financial information to the IRS based upon Judge Chappell's Endorsed Order (Doc. 2) denying the Petition to Quash Summons. The Petitioner filed a Motion for Reconsideration (Doc. 23) which Judge Steele denied by Order (Doc. 24) dated June 13, 2006.

The Petitioner filed a Notice of Appeal (Doc. 25) on July 10, 2006. On April 19, 2007, a mandate from the Eleventh Circuit Court of Appeals issued in this case. (Doc. 27). The Eleventh Circuit vacated the Opinion and Order (Doc. 22) entered by the Honorable John E. Steele, United States District Court, and remanded the case "for discovery and consideration of whether the IRS summons of Redeker-Barry's records from AmSouth should be quashed." (Doc. 22, p. 3). The Eleventh Circuit also found that "where the legality of an IRS summons is at issue, a taxpayer has a minimal right to discovery which can be fulfilled through an evidentiary hearing at the district court" citing to *United States v. Harris*, 628 F.2d 881 (5th Cir. 1980). Upon remand, the Clerk's Office reassigned the case to the Honorable Marcia Morales Howard, United States District Judge, and the undersigned.

### III. Analysis

AmSouth argues that the Court lacks subject matter jurisdiction based upon it having produced the records pursuant to the summons and therefore, the action against it is moot. AmSouth also asserts that the Petitioner has failed to state a claim against it based upon the failure of the Petitioner to allege any claims for affirmative relief against AmSouth. Federal Courts have limited jurisdiction under Article III of the United States Constitution. *Smith v. Allen*, ____ F3d. ____, 2007 WL 2826759, *7 (11th Cir. 2007) (citing, *Mingkid v. U.S. Atty. Gen.,*, 468 F.3d 763, 768 (11th Cir. 2006)). "'The doctrine of mootness derives directly from the case-or-controversy limitation, because an action that is moot cannot be characterized as an active case or controversy.'" *Id.*, (quoting *Mingkid v. U.S. Atty. Gen.,*, 468 F.3d 763, 768 (11th Cir. 2006)). An actual dispute must exist between the parties for a federal court to have jurisdiction. *Id*.

In the instant case, the Petitioner filed her Petition to Quash Summons on May 23, 2005. Judge Chappell denied the Petitioner to Quash Summons by Endorsed Order on May 24, 2005. Pursuant to that Order, AmSouth provided the documents requested in the Summons to the IRS. The Eleventh Circuit found that the Petitioner continues to have a case or controversy against the IRS regarding whether the Summons should be quashed. Even if the Petitioner prevails and the Summons is quashed, any relief would be against the IRS and not against AmSouth. The Court determines that it lacks subject matter jurisdiction and that there is no actual dispute or controversy between the Petitioner and AmSouth.

The Court also determines that taking the facts of the Petition to Quash Summons in a light most favorable to the Petitioner, that the Petitioner failed to state claim against AmSouth for relief. *See,* Fed.R.Civ.P. 12(b)(6). In the Petition to Quash Summons, the Petitioner is requesting that the

Court quash the Summons issued by the IRS which was directed to AmSouth. There are no set of facts which the Petitioner can prove which would entitle her to relief against AmSouth. AmSouth provided the documents to the IRS, and even if the Court quashed the Summons, the Petitioner would not be entitled to relief against AmSouth.

### IV. Conclusion

The Court respectfully recommends that AmSouth Bank's Motion to Dismiss (Doc. 48) be granted, and the Petition to Quash Summons (Doc. 1) be dismissed against Regions Financial Corporation, as successor to AmSouth Bank.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this __8th__ day of November, 2007.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record